MARY T. EGGLETON, Appellant, v. E. G. THOMPSON, Respondent.— Appeal from a judgment of no cause of action in a negligence action and from an order denying a new trial. The plaintiff, a passenger, was injured when the automobile in which she was riding collided with the defendant's car at an intersection. There is ample evidence to substantiate the defendant's contention that he stopped before entering the intersection and that the automobile in which the plaintiff was riding was on the wrong side of the road when the collision occurred. The failure of the trial court to charge that the defendant was "required to see what was there to be seen" before he entered the highway was not prejudicial under the defendant's theory of how the accident occurred which apparently was accepted by the jury. The trial court realized and corrected his erroneous charge as to the existence of a joint venture as soon as possible. Judgment and order unanimously affirmed, without costs. Present — Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ.

DONALD F. SMITH, Appellant, v. ELEANOR D. SMITH, Respondent.— This is an appeal from a judgment entered on the 16th day of February, 1948, in the Madison County Clerk's office, dismissing the complaint herein. The action was brought for annulment of marriage. The complaint alleged that the plaintiff was induced to marry the defendant through false and fraudulent representations previous to said marriage. The court found that the defendant falsely represented that she had never been previously married; that the plaintiff believed said statements and representations to be true; that plaintiff after said marriage discovered said representation to be wholly untrue and that defendant had been previously married to one George Micklus, having been married to said Micklus on June 3, 1944. The defendant offered no proof and did not contest the action. Judgment reversed, on the law, without costs. The court hereby disapproves of and annuls conclusions of law numbered 1 and 2 made by the trial court. The court makes the following conclusions of law: That the plaintiff is entitled to an interlocutory decree annulling his marriage to the defendant on the ground of fraud and the Clerk of the County of Madison is hereby directed to enter the usual interlocutory decree of annulment on this determination. Heffernan, Foster, Russell and Deyo, JJ., concur; Hill, P. J., dissents.